IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| SHELLA TAYLOR, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> MYRON T. HIGASHI SR., *et al.*, <br><br> Defendants. | Civil No. 24-00118 MWJS-KJM <br><br> ORDER DISMISSING COMPLAINT AND DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS AS MOOT |

**ORDER DISMISSING COMPLAINT AND DENYING
APPLICATION TO PROCEED IN FORMA PAUPERIS AS MOOT**

On April 11, 2024, pro se Plaintiffs filed a complaint against Myron T. Higashi Sr., Cleofe (also known as Faith Higashi), Gaga Higashi, and Te'ra Perez. ECF No. 1.  Plaintiff Shella Taylor also applied to proceed in forma pauperis (IFP), that is, without prepayment of fees or security.  ECF No. 2.  In considering such an application, the Court must ensure, among other things, that the complaint states a claim upon which relief could be granted.

Here, the complaint does not adequately allege that this Court has subject matter jurisdiction and, in any case, the complaint fails to state a claim.  The Court therefore DISMISSES the complaint and DENIES the IFP application as moot. Plaintiffs are granted leave to amend the complaint and to file new IFP applications but must do so by May 24, 2024.

## DISCUSSION

**A.     Screening of Plaintiffs' Complaint**

Because Plaintiffs ask to proceed in forma pauperis, the Court must screen their complaint.  28 U.S.C. § 1915(e).  The Court is required to dismiss claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit.  *See id.* § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).  And even when screening complaints under the in forma pauperis statute, "a district court must first determine whether it has jurisdiction before it can decide whether a complaint states a claim."  *Moore v. Maricopa Cnty. Sheriff's Off.*, 657 F.3d 890, 895 (9th Cir. 2011).

1.  Dismissal is appropriate here because the complaint does not sufficiently allege that the Court has subject matter jurisdiction over this dispute.  Subject matter jurisdiction is a court's power to hear a case.  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).  Because federal courts have limited power to hear cases, a plaintiff must establish that subject matter jurisdiction is proper.  *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).

Generally, there are two ways that a plaintiff can establish subject matter jurisdiction, and Plaintiffs here invoke both in their complaint.  *See* ECF No. 1, at PageID.4.  One is diversity jurisdiction, in which no plaintiff is a citizen of the

2

same state as any defendant and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332.  In this case, it appears that both plaintiff Shella Taylor and defendant Cleofe Higashi are citizens of Hawaiʻi, *see* ECF No. 1, at PageID.4-5, thus defeating diversity jurisdiction.

The other way that a plaintiff can establish subject matter jurisdiction is for the case to present a federal question.  Under 28 U.S.C. § 1331, federal district courts have original jurisdiction over all civil cases that implicate the Constitution or federal law.  Federal question jurisdiction "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Where the alleged federal claim "is wholly insubstantial and frivolous," there is no federal question jurisdiction.  *Bell v. Hood*, 327 U.S. 678, 682-83 (1946).

Plaintiffs' complaint does not clearly present a federal question.  It cites several federal statutes and cases about privacy and surveillance.  ECF No. 1, at PageID.4; *see* 18 U.S.C. § 2510 (definitional section of the Electronic Communications Privacy Act); 18 U.S.C. § 1801 (criminalizing "video voyeurism"); *United States v. Koyomejian*, 970 F.2d 536 (9th Cir. 1992) (en banc) (holding that certain video surveillance is neither prohibited nor regulated by 18 U.S.C. §§ 2510-21); *United States v. Corona-Chavez*, 328 F.3d 974 (8th Cir. 2003) (holding that certain recordings did not violate criminal defendant's rights).  But

federal question jurisdiction is not conferred by "the mere reference of a federal statute in a pleading." *Easton v. Crossland Mortg. Corp.*, 114 F.3d 979, 982 (9th Cir. 1997). And it is unclear how the complaint—which mentions a slip-and-fall incident—implicates questions of privacy and surveillance. The complaint has thus not established that this Court has subject matter jurisdiction over this dispute.

  2. Even if the complaint sufficiently alleged subject matter jurisdiction, it fails to state a claim upon which relief can be granted. In evaluating whether a complaint fails to state a valid claim for screening purposes, courts generally apply the pleading standards in Rule 8 of the Federal Rules of Civil Procedure. *See Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *Zixiang Li v. Kerry*, 710 F.3d 995, 998 (9th Cir. 2013). Under Rule 8, a complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To show an entitlement to relief, however, it is not enough for a complaint to allege "labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* A court must also liberally construe a pro se plaintiff's pleadings. *Watison*, 668 F.3d at 1112.

  In this case, Plaintiffs allege that "Plaintiff [] was injured: due to slip-n-fall" and that "these defendants took [] advantage." ECF No. 1, at PageID.5. Plaintiffs further allege that someone (it is unclear who) "took [] care of Covid-19 brother"

and "took care risking own life," but the "family [] Higashi [] took all of Raymond Higashi estate [] for themselves [] leaving him destitute" and "living off . . . Shella Taylor for 3 years."  *Id.* at PageID.6.  Plaintiffs also cite statutes and cases related to privacy and surveillance.  *Id.* at PageID.4 (citing 18 U.S.C. §§ 2510, 1801; *Koyomejian*, 970 F.2d 536; *Corona-Chavez*, 328 F.3d 974; HRS § 711-1111).

These bare allegations and citations do not provide a basis for possible relief.  The complaint does not offer enough details for the Court to conclude that Plaintiffs have a colorable claim.  The complaint does not allege, for example, where the slip-and-fall took place or what Defendants took advantage of.  Nor does the complaint explain the role of all the individual Defendants.  It is also unclear how the cited cases and statutes, which deal with privacy and surveillance, are related to the alleged slip and fall.  Put simply, more details are needed.

Furthermore, the complaint does not clearly identify the Plaintiffs.  The caption states "On Behalf: of Taylor Family // On Behalf of Deskin Family // For: Shella Taylor."  *Id.* at PageID.1.  The second page of the pro se complaint form directed the Plaintiffs to provide information "for each plaintiff named in the complaint."  *Id.* at PageID.2.  There, they wrote "Deskin Family – Taylor Family // % Shella Taylor."  *Id.*  In the section on diversity of citizenship jurisdiction, Plaintiffs only listed "Demitrius Deskin" and "Shella Taylor" as plaintiffs, and they also added the words "conservatory," "guardian," and "individual" above

5

Shella Taylor's name. *Id.* at PageID.4. Finally, the only printed name in the signature block is "Shella J. Taylor," although it looks to be signed "Taylor Family and Deskin for Shella Taylor." *Id.* at PageID.6.

It appears that Shella Taylor might be the real party-in-interest and that members of the Taylor and Deskin families—most notably Demitrius Deskin—have joined the complaint to assist her in this action. Any amended complaint should clearly specify the relationship between the Plaintiffs and how they are involved in the allegations. And if Shella Taylor is in a conservatorship or has a designated guardian, any amended complaint should make that fact clear.

For the foregoing reasons, the complaint is DISMISSED without prejudice.

### B.     Leave to Amend the Complaint

Although the Court dismisses the complaint, it recognizes that Plaintiffs are proceeding pro se and could possibly cure the deficiencies by amending the complaint. Accordingly, the Court dismisses the complaint without prejudice and grants Plaintiffs leave to amend. *See Watison*, 668 F.3d at 1117.

Any amended complaint—which should be titled "First Amended Complaint"—must be filed by May 24, 2024, and it must allege facts that establish subject matter jurisdiction and that make out a plausible claim for relief. The Court notes that the pro se complaint form—the same form that Plaintiffs completed in this case—provides guidance on what to plead. For example, the

6

form directs plaintiffs to "[s]tate how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct."  ECF No. 1, at PageID.5.  The form also instructs plaintiffs to "[s]tate as briefly as possible the facts showing that *each* plaintiff is entitled" to relief, *id.* (emphasis added), and to provide "information . . . for *each* plaintiff named in the complaint," *id.* at PageID.2 (emphasis added).  Plaintiffs should carefully follow these and all other instructions in the form.

      Plaintiffs should also identify a proper basis for federal jurisdiction.  If asserting a theory of federal question jurisdiction, any amended complaint should either identify a related federal statute or offer allegations that could form a claim under the cited statutes.

      Plaintiffs are cautioned that failing to timely file an amended complaint that addresses the identified deficiencies will result in the automatic dismissal of this action.

      C.    **Plaintiffs' In Forma Pauperis Application**

      Because the complaint fails to state a claim, the Court DENIES the IFP application as moot and does not decide the application's sufficiency.  If Plaintiffs choose to file an amended complaint, however, they should submit updated IFP applications that address the following concerns.

Under the in forma pauperis statute, federal courts may authorize the commencement of suit without prepayment of fees or securities by a person who submits an affidavit demonstrating an inability to pay. 28 U.S.C. § 1915(a)(1). An applicant need not demonstrate absolute destitution, *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948), but they must "allege poverty with some particularity, definiteness and certainty," *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (internal quotation marks omitted). An application is sufficient where it alleges that the applicant "cannot pay the court costs and still afford the necessities of life." *Id.* (citing *Adkins*, 335 U.S. at 339); *see* 28 U.S.C. § 1915(a)(1).

Plaintiffs here submit a single IFP application, signed by Shella Taylor. Although Taylor may well qualify to proceed in forma pauperis, her IFP application does not appear to state facts with sufficient "particularity, definiteness and certainty" to conclusively establish Taylor's inability to pay. For example, Taylor reports $5,160 in annual income but checked "no" for every potential source of income. *See* ECF No. 2, at PageID.10. In the monthly expense section of her application, she wrote "$260 - $127" with no explanation of what those numbers represent. *Id.* at PageID.11. Taylor also wrote "$2,140 monthly

8

payment"—nearly five times her average monthly income[1]—without describing what the payment was for. *Id.*

Moreover, as discussed above, it is unclear who the Plaintiffs in this action are. Only Shella Taylor has submitted an IFP application. "[A]lthough only one filing fee needs to be paid per case, if multiple plaintiffs seek to proceed in forma pauperis, each plaintiff must qualify for IFP status." *Anderson v. California*, No. 10 CV 2216, 2010 WL 4316996, at *1 (S.D. Cal. Oct. 27, 2010) (emphasis omitted); *Tom v. Wells Fargo Bank N.A.*, No. 19-00545, 2019 WL 13215306, at *1 (D. Haw. Oct. 31, 2019) ("[W]here there are multiple plaintiffs in a single action, the plaintiffs may not proceed in forma pauperis unless all of them demonstrate inability to pay the filing fee." (quoting *Martinez v. Lutz*, 18-cv-00999, 2018 WL 3924266, at *1 (E.D. Cal. Aug. 14, 2018))). Accordingly, if additional parties wish to proceed as plaintiffs with in forma pauperis status, they should each complete and file an IFP application.

Although Taylor's IFP application is denied as moot, if Plaintiffs file an amended complaint, Taylor should submit an updated IFP application that addresses the above concerns. Additionally, Plaintiffs should submit IFP

---

[1] If Shella Taylor's annual income is $5,160, her monthly income would be $430 ($5,160 ÷ 12 = $430).

9

applications for every named plaintiff, and those applications should provide sufficient detail for the Court to assess their ability to afford filing fees.

## CONCLUSION

For the foregoing reasons, the Court DISMISSES Plaintiffs' complaint and DENIES Shella Taylor's IFP application as moot.

If electing to file an amended complaint, Plaintiffs must comply with the following requirements:

(1) Plaintiffs' deadline to file an amended complaint is May 24, 2024;

(2) Plaintiffs' amended complaint should be titled "First Amended Complaint";

(3) Plaintiffs' complaint should cure the deficiencies identified above; and

(4) Every named plaintiff should submit a separate Application to Proceed in District Court Without Prepaying Fees or Costs.

Failure to timely file an amended complaint that conforms with this Order will result in automatic dismissal of this action.

//
//
//
//
//

IT IS SO ORDERED.

DATED: April 24, 2024, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith
_____
Micah W.J. Smith
United States District Judge

---

Civil No. 24-00118 MWJS-KJM; *Taylor,* et al. *v. Higashi*, et al.; ORDER DISMISSING COMPLAINT AND DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS AS MOOT