IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| SHELLA TAYLOR,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>MYRON HIGASHI SR., *et al.*,<br><br>　　　　　Defendants. | Civil No. 24-00118 MWJS-KJM<br><br>ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT WITH LEAVE TO AMEND |

## **INTRODUCTION**

On May 15, 2024, pro se plaintiff Shella Taylor filed a first amended complaint (FAC) and a renewed application to proceed in forma pauperis (IFP). ECF Nos. 5 & 6. Taylor's submissions attempt to cure the deficiencies identified in the Court's prior order: the FAC adds factual allegations and drops several parties, and the new IFP application corrects a few internal inconsistencies.

While the Court concludes that Taylor is qualified to proceed in forma pauperis, it finds that the FAC still fails to identify a jurisdictional basis or to state a claim. Accordingly, the Court GRANTS the IFP application and DISMISSES the first amended complaint. Taylor is granted leave to amend but must do so by June 28, 2024.

## DISCUSSION

### A.   IFP Application

Federal courts can waive court fees for plaintiffs who show that they lack the ability to pay them.  28 U.S.C. § 1915(a)(1).  Taylor has requested such a waiver here.  Because the Court dismissed her original complaint, it denied Taylor's first IFP application as moot.  But the Court noted that the application appeared to contain inconsistencies—Taylor reported annual income but checked "no" for every source of income, and she claimed to have over $2,000 in monthly expenses, which was nearly five times her monthly income.

Taylor has adequately cured those deficiencies.  She alleges that her annual income is $5,160.  This money comes from pension, annuity, or life insurance payments, as well as Mother's Day and birthday gifts.  Taylor currently has $1,698.97 in cash or in a bank account, and she owns one vehicle.  Taylor also pays monthly rent and has medical debt.  And she suggests that a disabled family member relies on her for support.

Taylor qualifies for IFP status, as she has adequately alleged that she "cannot pay the court costs and still afford the necessities of life."  *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015).  While her updated application does not allege the amount of her monthly expenses, Taylor would certainly have to stretch her income—which is just over $400 a month—to pay rent and manage

her medical debt.  Indeed, even setting aside the family member whom she might care for, Taylor's income is well below the poverty line for an individual in Hawaiʻi.  *See* Annual Update of the HHS Poverty Guidelines, 89 Fed. Reg. 2962 (Jan. 17, 2024) (listing $17,310 in annual income as the 2024 poverty guideline for a household of one in Hawaiʻi).  Accordingly, Taylor's IFP application is GRANTED.

    **B.**    **Screening of Taylor's First Amended Complaint**

When a plaintiff proceeds in forma pauperis, a court must also screen their complaint.  28 U.S.C. § 1915(e).  If the complaint does not provide a basis for federal court jurisdiction or if the complaint fails to state a claim, the court must dismiss it.  *See id.* § 1915(e)(2)(B).

In this case, Taylor and other named plaintiffs filed their original complaint in April 2024.  As part of the screening process, the Court identified several shortcomings in the complaint.  First, the complaint did not sufficiently allege that the Court had subject matter jurisdiction to consider the case.  Second, the complaint's factual allegations were too vague to form a basis for relief.  The Court therefore dismissed the complaint but invited the plaintiffs to amend their complaint to address the identified deficiencies.

Taylor, now the only plaintiff, has attempted to do so.  But her first amended complaint still does not identify a jurisdictional basis or state a claim.

3

1. Begin with jurisdiction. Unlike state courts, federal courts are courts of limited jurisdiction. That means a federal court can only consider a case if it has been specifically authorized to do so. There are two bases of federal court jurisdiction—diversity and federal question—and Taylor invokes both.

Diversity jurisdiction requires the parties to be citizens of different states and the amount in controversy to exceed $75,000. 28 U.S.C. § 1332. There must be complete diversity, meaning that no defendant can be a citizen of the same state as any plaintiff. Taylor sufficiently alleges an amount in controversy of $300,000. The parties here do not appear to be completely diverse, however, for the FAC alleges that both Plaintiff Taylor and Defendant Myron Higashi Sr. are citizens of Hawaiʻi.

Taylor also relies on federal question jurisdiction, which exists if the complaint on its face presents a question of constitutional or federal law. 28 U.S.C. § 1331. The FAC suggests that Defendant Higashi discriminated against Taylor by not paying her, ECF No. 5, at PageID.29, and it alleges "violation of diversity + discrimination of Amendments," *id.* at PageID.27. This might be a reference to the Fourteenth Amendment's Equal Protection Clause. But the Fourteenth Amendment only protects individuals against discriminatory state action—it "erects no shield against merely private conduct." *Shelley v. Kraemer*,

334 U.S. 1, 13 (1948).  And because the FAC does not suggest that Higashi is a state actor, Taylor has no Fourteenth Amendment right to assert against him.

The FAC also claims "violations of privacy in a private bathroom," as Higashi allegedly took nude photos of Taylor with hidden cameras.  *Id.* at PageID.28-29.  But a claim for invasion of privacy, when brought against a private party, is a matter of state tort law.  *See, e.g.*, *Sailola v. Mun. Servs. Bureau*, No. 13-00544, 2014 WL 3389395, at *11 (D. Haw. July 9, 2014) (outlining elements of a state-law tort claim for unreasonable intrusion into the seclusion of another).  This claim, therefore, does not give rise to a federal question.

For these reasons, the first amended complaint does not establish jurisdiction, and the Court lacks the power to take up this case.

2.  Even if the FAC established subject matter jurisdiction, it still fails to state a claim upon which relief can be granted.  A complaint will not survive screening if it alleges only "labels and conclusions."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Instead, the factual allegations must "raise a right to relief above the speculative level," *id.*, by including a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed R. Civ. P. 8(a)(2).

The FAC asserts that Taylor spent her late husband's savings caring for Raymond Higashi, who appears to be a relative of Defendant Myron Higashi Sr.  At some point, Raymond Higashi stayed at Taylor's place, as his own home was

5

being remodeled because of a rat infestation.  But Raymond Higashi and his family allegedly "used Shella Taylor['s] home," her "car," and "all [of] her life saving[s] to take care of Raymond Higashi."  ECF No. 5, at PageID.28.  The FAC further alleges that Myron Higashi took nude photos of Taylor while she was in the bathroom.  Taylor now seeks a "reasonable amount for taking care of an elderly person for 2 years," which she says is $300,000.  *Id.* at PageID.29.

While more detailed than her original complaint, the FAC still does not provide a basis for possible relief.  Taylor appears to advance two core claims: first, that she cared for Raymond Higashi for two years without compensation, and second, that Myron Higashi invaded her privacy by taking nude photos of her.

The current allegations, however, do not show that Taylor could be entitled to compensation for the care of Raymond Higashi.  Taylor has not alleged that she is employed by the Higashis, such that non-payment could be a violation of labor laws.  Nor does she allege she had an agreement to receive payment, in which case there could be a contract dispute.  Taylor's best theory might be one for unjust enrichment, which can require "a person who has been unjustly enriched at the expense of another" to "make restitution to the other."  *Durette v. Aloha Plastic Recycling, Inc.*, 105 Hawaiʻi 490, 502, 100 P.3d 60, 72 (2004) (cleaned up).  But the FAC's allegations lack the specificity to state a claim for unjust enrichment.  The FAC does not allege, for example, why Taylor took care of Raymond Higashi,

when she took care of him, where she provided care, what type of care she provided, or what their relationship was.

While a closer call, the FAC's allegations also fail to state a claim for the tort of invasion of privacy. This tort requires (1) the intentional intrusion (2) upon another's solitude or private affairs (3) that would be highly offensive to a reasonable person. *Sailola*, 2014 WL 3389395, at *11. Taking unauthorized pictures of someone in a private setting can give rise to such liability. *See* Restatement (Second) of Torts § 652B (Am. L. Inst. 1977). Here, Taylor has alleged that Myron Higashi would "hide and take photos of" her and use hidden cameras. ECF No. 5, at PageID.28. If true, these allegations are concerning. But Taylor has not yet given enough detail to state a claim. The FAC does not allege when or where these photos were taken. Nor does it say that Myron Higashi *intended* to take these photographs—he might have, for example, been using security cameras to monitor the health of a relative.

For these reasons, the FAC fails to state a claim. The Court recognizes that Taylor is proceeding pro se, however, and it is conceivable that further amendment could cure the identified deficiencies. The Court therefore DISMISSES the first amended complaint and GRANTS Taylor leave to amend.

The Court reminds Taylor that she needs both to establish a jurisdictional basis and to state a claim for relief. Here, because her claims appear to sound in

state law, this Court will only have jurisdiction if the parties are citizens of different states and the amount in controversy exceeds $75,000.  But as noted above, the FAC alleges that both Taylor and Myron Higashi Sr. are citizens of Hawaiʻi, defeating diversity jurisdiction.  If Taylor chooses to further amend her complaint, she must either name a defendant who is a citizen of a different state or raise a legitimate question of federal law.

Any amended complaint—which should be titled "Second Amended Complaint"—must be filed by June 28, 2024, and it must allege facts that establish subject matter jurisdiction and make out a plausible claim for relief.  Taylor should cure the shortcomings identified in both this and the Court's previous order.  If Taylor fails to file a second amended complaint by the deadline, this action will automatically be dismissed.

## **CONCLUSION**

For the foregoing reasons, the Court GRANTS Taylor's IFP application and DISMISSES her first amended complaint.

If electing to file an amended complaint, Taylor must comply with the following requirements:

(1)   Taylor's deadline to file an amended complaint is June 28, 2024;

(2)   Taylor's amended complaint should be titled "Second Amended Complaint"; and

  (3) Taylor's complaint should cure the deficiencies identified above and in the Court's previous order.

Failure to timely file an amended complaint that conforms with this Order will result in automatic dismissal of this action.

  IT IS SO ORDERED.

  DATED: May 28, 2024, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge

---

Civil No. 24-00118 MWJS-KJM; *Taylor v. Higashi*, et al.; ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT WITH LEAVE TO AMEND